# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SECURA INSURANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:12-CV-481 |
| | ) |
| JANET KOMACKO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: "Defendant Janet Komacko's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)," filed by Defendant, Janet Komacko, as Administratrix of the Estate of Gary Komacko, Deceased, on November 30, 2012 (DE #16). For the reasons set forth below, the motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** the case **WITHOUT PREJUDICE**.

BACKGROUND

Following a jury trial in the Circuit Court of Lake County, Indiana, on June 29, 2012, Janet Komacko obtained a judgment against Defendant American Erectors, Inc., for the wrongful death of her husband, in the amount of $4.93 million. (DE #18-1.) On October 16, 2012, Komacko filed a Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution under Ind. Trial R. 69(E). (DE #18-2.) Komacko served Admiral Insurance Company

and Secura, American Erectors' putative insurers, as garnishee defendants. (DE #18-1, pp. 5, 9.)

On November 20, 2012, Admiral appeared by counsel in the proceedings supplemental and demanded a jury. (DE ##18-3, 18-4.) That same day, Secura appeared by counsel in those proceedings. (DE #18-5.)

Komacko served interrogatories on Admiral and Secura. (DE #18-2.) Admiral answered Komacko's interrogatories, stating that coverage was excluded under the terms of its policy with America Erectors. (DE #18-6, pp. 1-2.) Admiral also provided Komacko with a copy of the policy to which it referred in denying coverage. (*Id.*, p. 5.) Secura did not answer Komacko's interrogatories as Admiral did. Instead, Secura filed a complaint in this Court and commenced the instant action for declaratory judgment. (DE #1.) Secura has asked the Court to issue a declaration under 28 U.S.C. § 2201 regarding a primary general liability insurance policy that it issued to American Erectors. According to Secura, the "coverage dispute centers just on whether Secura has fully paid *all* that its policy required it to pay on behalf of American Erectors to Komacko." (DE #19, pp. 2-3 (emphasis in original).)

On November 28, 2012, Secura removed the proceedings supplemental to federal district Court (DE #18-8), and this proceeding was pending before Judge Theresa L. Springmann as case number 2:12-cv-495. Komacko opposed this, and filed a Motion to

Remand on December 14, 2012 (case no. 2:12-cv-495, DE #4). In the meantime, Komacko filed the current motion to dismiss the petition for declaratory judgment on November 30, 2012.

On June 17, 2013, Judge Springmann transferred case number 2:12-cv-495 to this Court because the two cases were related under N.D. L.R. 43(e). (2:12-cv-495, DE #18.) This Court then granted the motion to remand in case number 2:12-cv-495 (DE #19), remanding the supplemental proceedings back to state court. Admiral Insurance filed a motion for reconsideration of the remand order which this Court denied for lack of jurisdiction. (2:12-cv-495, DE #23.) This Court now has before it a motion to dismiss the complaint for declaratory judgment under Rule 12(b)(1) for lack of subject matter jurisdiction.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss,

3

the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Komacko contends that the Court should exercise its discretion and dismiss the case under the *Wilton/Brillhart* abstention doctrine.[1] *Wilton v. Seven Falls Co.*, 515 U.S. 277; *Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S. 491 (1942). Under that doctrine, "the district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009).

---

[1] Komacko also argues that abstention is appropriate under the three practicality considerations articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-17 (1976) and *Wilton*, 515 U.S. 277. Those three considerations are: (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, and (3) the order in which jurisdiction was obtained by the concurrent fora. *Colorado River*, 424 U.S. at 818-19. Because this Court has already remanded the supplemental proceedings back to state court, there is a potential parallel proceeding, and this Court believes the *Zavalis* factors are thus more appropriate in this case. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 695 (7th Cir. 1995). But even if the *Colorado River* and *Wilton* test was applied, the Court believes abstention would still be appropriate.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). In view of that discretionary nature, the Supreme Court held in *Brillhart* and *Wilton* that "district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010)(citing *Brillhart* and *Wilton*). Importantly, the Seventh Circuit has noted that:

> The existence of overlapping proceedings does not diminish a district court's power but does present a question on which the judge should exercise sound discretion. A judge asked to enter a declaratory judgment that as a practical matter will dispose of some other case should consider whether a multi-track course of litigation is the best way to resolve the dispute.

*Klene v. Napolitano*, 697 F.3d 666, 669 (7th Cir. 2012) (citing *Wilton* and *Brillhart*).

The Seventh Circuit has identified the following factors Courts must consider in deciding whether to abstain under the *Wilson/Brillhart* doctrine:

> [W]hether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in

5

> clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Zavalis*, 52 F.3d at 695 (citations omitted). Regarding the first factor, this Court believes that this declaratory suit does not raise a question distinct from the issues raised in the state court proceeding. As argued by Komacko:

> The underlying tort action is finished, having been reduced to judgment. The state-court proceeding is in its post-judgment stage, where the only issue left to determine is what assets American Erectors has to collect. The question in the state court, then, is whether the proceeds of Secura's policy is a garnishable asset - which is essentially identical to the issue Secura raised here by filing its petition for declaratory judgment.

(DE #26, p. 4.) Indeed, the petition for declaratory judgment states "[t]he Estate has taken the position that Secura owes further sums under the policy in connection with the judgment and post-trial awards entered against American Erectors" (DE #1, p. 2) and asks this Court to find that "Secura does not have any obligation to make any further payment to American Erectors or to the Estate for the judgment or post-trial awards of pre-judgment interest, court costs, attorney's fees, and post-judgment interest in the *Komacko* lawsuit." (DE #1, p 7.) Thus, both proceedings center around the same factual issues and whether Secura owes additional money on the state court judgment. The declaratory suit does not raise a different question.

The second factor is whether the parties in the two proceedings are identical. Certainly Secura, American Erectors, and Komacko are all parties to both the supplemental proceedings in state court and the action for declaratory judgment here. Only Admiral Insurance Company (another one of American Erectors' putative insurers), was served as a garnishee defendant in the state action but is not a party to the motion for declaratory judgment. Although not identical parties, there is at least a large overlap in the parties.

The next enumerated factor is whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation. In this case, because the supplemental proceedings have already begun and will be determining the potential legal obligations of Secura and Admiral, there is no additional issue that needs clarifying in this court; indeed, a parallel proceeding in district court could be duplicative. Moreover, any determination by this Court of Secura's policy coverage could be at odds with the decisions made in the supplemental proceedings taking place in the underlying state suit.

Finally, the Court should consider whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. Secura has not stated any concerns that it would be entirely unable to seek declaratory

7

judgment in another forum if the Court did not exercise its jurisdiction to hear this case. Thus, this factor also seems to weigh in favor of abstention.

In sum, the factors overall support this Court exercising abstention over the declaratory judgment action. "[T]he classic example of when abstention is proper occurs where, as it is here, solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision*, 604 F.3d at 986. This Court believes deferring to the ongoing state court matter is "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quotation omitted).

CONCLUSION

For the reasons set forth above, Komacko's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) (DE #16) is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** the case **WITHOUT PREJUDICE**.


**DATED: July 16, 2013**　　　　　　　　　　/s/ RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　　**United States District Court**